Stephanie R. Tatar – State Bar No. 237792
**TATAR LAW FIRM, APC**
3500 West Olive Avenue, Suite 300
Burbank, California 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
Stephanie@thetatarlawfirm.com

*Attorney for Plaintiff Lindsey Robarge*

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| **LINDSEY ROBARGE** | **CASE NO. 8:16-CV-1069** |
| **Plaintiff,** | |
| **v.** | **COMPLAINT FOR VIOLATIONS OF  FAIR CREDIT REPORTING ACT** |
| **CORELOGIC SAFERENT, INC.** | |
| **Defendant.** | **DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1.     This is an action for damages brought by an individual consumer, Lindsey Robarge against Corelogic Saferent, Inc. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq., as amended*.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337.

3.     Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4.     Plaintiff Lindsey Robarge is an adult individual residing in Houston, TX.

5.     Defendant Corelogic Saferent, Inc. ("Saferent") is a business entity and consumer reporting agency that regularly conducts business in the Central District of California, and which has its headquarters and a principal place of business located at 40 Pacifica, Suite 900, Irvine, CA.

**FACTUAL ALLEGATIONS**

6.     In or around September 2010, Plaintiff was charged with two counts of the crime of "theft of property between $500-$1,500."   One count was dismissed and after a plea of not guilty the second charge did not result in conviction.

7.     The actual public record for these offenses reflects that one count was dismissed and one count was abandoned after the completion of a diversion program.  The actual public record does not reflect a conviction for either charge.

8.     In or around December 2015, Plaintiff's employer was purchased by Dakota Property Management.   Shortly after, Dakota Property Management informed its new employees, including Plaintiff, that it would be retaining all employees in their current positons and their current rate of pay.

9.     Ms. Robarge continued her position at Dakota Property Management and complied Dakota Property Management's request for the completion of additional paperwork to assist in its transition.   This paperwork included an authorization for a background check through Saferent.

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
DEMAND FOR JURY TRIAL

10. Dakota Property Management requested a consumer report from Saferent, and Saferent sold to Dakota Property Management a consumer report concerning the Plaintiff in or around December 2015.

11. The report furnished by Saferent was for employment purposes.

12. This consumer report contained at least one item of information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Dakota Property Management.

13. Defendant has been improperly reporting, and did here report derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and records to third parties ("inaccurate information") from at least December 2015 through present.

14. The inaccurate information includes, but is not limited to, a criminal offense record. This record appears on the consumer report Defendant sold about Plaintiff to Dakota Property Management as follows: "El Paso Criminal Court Action, Count 1 Theft Prop >=$500 <$1500, Count 2 Possession CS < 28G, Count 1: Disposition Convicted, Count 2: Disposition Convicted".

15. The inaccurate information grossly disparages the Plaintiff and portrays her as a criminal, which she is not. Plaintiff was never convicted of either charge she was actually charged with, and she was never charged with a possession charge, therefore, the inaccurate information consists of incorrect statements which misrepresent Plaintiff's criminal history.

16. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff. Had Defendant followed such procedures it would have never falsely reported two criminal convictions on

Plaintiff's consumer report for charges that never actually occurred or were abandoned or dismissed.

17.    Plaintiff received no notification from Defendant that public record information had been reported about her, and Defendant did not notify Plaintiff of the name and address of the person to whom such information was reported.

18.    Upon information, the Plaintiff alleges that Defendant never sent such a notice letter "at the time" it furnished an employment consumer report containing derogatory public record information about her, as required by 15 U.S.C § 1681k(a)(2).

19.    Additionally, Defendant does not maintain strict procedures designed to insure that such information is complete and up to date, as required by 15 U.S.C. § 1681k(a)(2).  If Defendant had maintained such procedures it would have never falsely reported two criminal convictions on Plaintiff's consumer report for charges that never actually occurred or were abandoned or dismissed.

20.    Subsequent to her application and the sale of a Saferent consumer report to Dakota Property Management, Plaintiff was fired and notified that she would not be retained by Dakota Property Management.  Plaintiff was informed by Dakota Property Management that the basis for this denial was the inaccurate information that appears on Plaintiff's Saferent consumer report and that the inaccurate information was a substantial factor for denial.

21.    As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

22.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
DEMAND FOR JURY TRIAL

their agency or employment, and under the direct supervision and control of the Defendant herein.

23.     At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FCRA

### (Plaintiff v. Defendant)

24.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25.     At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

26.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

27.     At all times pertinent hereto, the above-mentioned background reports, background checks and consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

28.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681k(a).

29.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
DEMAND FOR JURY TRIAL

1   damages, along with the attorney's fees and the costs of litigation, as well as such

2   further relief, as may be permitted by law.

3                                   **JURY TRIAL DEMAND**

4       30.    Plaintiff demands trial by jury on all issues so triable.

5                                   **PRAYER FOR RELIEF**

6       WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

7           (a)    Actual damages;

8           (b)    Statutory damages;

9           (c)    Punitive damages;

10          (d)    Costs and reasonable attorney's fees; and

11          (e)    Such other and further relief as may be just and proper.

12

13      Respectfully Submitted,

14      THE TATAR LAW FIRM

15

16  BY: _____

17      Stephanie Tatar

18      Attorney for Plaintiff

19  DATE: June 9, 2016

20

21

22

23

24

25

26

27

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
DEMAND FOR JURY TRIAL